The next case is 21-2345 Western Missouri, Nathan Blanton v. KC Southern Railway Co. Mr. Bloodfogle. Thank you. May it please the court. I came close there. You did. Thank you. May it please the court. The issue in this case is the construction of Missouri Revised Statute 287.280.1. The decisions from this court state that decisions from the state supreme court as to state law are binding on this court. The Lewis v. Gilmore decision from the Missouri present here. The opening line from that decision is the issue in this case is whether a workers compensation award against an insured employer bars a wrongful death claim against an uninsured employer. The Lewis court goes on to say the judgment is reversed because section 287.280.1 RSMO 2000 allows an injured party or his or her dependents to proceed in a civil action against the uninsured employer. Here it is undisputed that defendant is the uninsured employer and that it did not provide workers compensation to plaintiff. Isn't Lewis distinguishable because there the action was against the immediate employer and here it's the statutory employer? I think that is the only distinction that can really be drawn but I've read Lewis repeatedly and the language in Lewis which keeps citing to the plain language of the statute leaves no allowance suggesting that it's a meaningful distinction. In other words, the statute keeps saying the employer and the opinion keeps saying an employer and every if you switch those facts around Lewis comes out differently. So that leaves Harmon because wait wait there's another distinction which to me is the is the is the essence of the case. Lewis did not address the last sentence of of 287 point what is it 0.3 0.4 0.3 0.3 that is correct it was not addressed in the majority opinion the dissent in Lewis cited it as a basis for the dissent but of course that ends up being the dissent the majority has apparently no issue with 287 but but it wasn't it wasn't an issue I mean it because uh they that was a the claim there was having to do with a cop proceeding here we're dealing well there wasn't there wasn't a basis to to apply 0.3 in that case I see what you're saying uh nevertheless the dissent cited to that and and where I was going was to say that to the extent there was any room left in Lewis that we say Lewis doesn't resolve everything present here then we have the Harmon decision and before you go to Harmon one other potential distinction from Lewis I'd like you to address if you would in Lewis the court seemed to be concerned about not rewarding employers who had done nothing to secure workers compensation insurance for the employees but here as in the auger case didn't Casey Southern contractually secure insurance for its employees it did in fact the contractual provision said workers compensation insurance is the sole responsibility of ITS and ITS did in fact provide the insurance it was the insurer in the workers compensation proceeding and there is that language in Lewis but Lewis did not suggest that if an employer did secure workers compensation through another employer that that would allow the original employer to off of the hook and Harmon I think comes to grips with that more closely but I think the Lewis language is very clear that every employer is required to provide this insurance now here you know the railroad could have secured the workers compensation insurance it likely would have been listed as a secondary insurer with little to no premium required but it's still under the law under the statute is required to provide that insurance the statute does not say provide insurance or ensure that the direct employer provides insurance that language could be in the statute but it's not so that the Harmon case gets to any issues that are left lingering from the Lewis decision and what this court has said is decisions of the various intermediate appellate courts are not binding but they are persuasive authority and we must follow them when they are the best evidence of what the state law is so Harmon closes the door on any issues that are left Harmon says even when the direct employer provides insurance the statutory employer can still be subjected to a civil action well it certainly doesn't close the door it's not a it's I mean who's more persuasive if they if they conflict what but they I'm sorry well you can't say well I like this I like this Missouri Court of Appeals decision and so it's persuasive and you should follow it when the and of course their divisions do not always agree with each other if there's a conflicting decision in another division we got to choose but what I was starting to say is that Auger does not conflict with Harmon on the construction of 287.280.1 because Auger does not address 287.280.1 at all and in fact Harmon does talk about both statutes and harmonizes both statutes it talks about 287.040 which arguably was not addressed by the majority in Lewis it was cited by the dissent in Lewis and what Harmon states and Auger does not disagree with this in fact Auger agrees with what Harmon states on this is that what 287.040.3 does is it determines who is liable in workers compensation proceedings so for example if the direct employer does not provide insurance the statutory employer did the hook for the workers compensation payments the statutory employer can go in the workers compensation proceedings and seek reimbursement from the direct employer and Auger actually that is the statement Auger mates in the footnote I believe it's footnote nine of Auger and Harmon cites other pre-2005 cases that all make the same point that that is the whole function of 287.040 is to make sure the statutory employer is not left on the hook where a direct employer should have made the workers compensation payments so I would say Auger and Harmon are in perfect harmony on what 287.040 does and for whatever reason my problem my problem with with Harmon and I'm at least the last sentence well it said Manheim concedes that under 040.3 it had secondary liability nothing in the express plain language of 280.1 relieves Manheim from that insurance requirement that has nothing to do with the last sentence of 040.3 well respectfully the last sentence of 040.3 no such employer shall be liable as in this section provided if the employee was insured by his immediate or any intermediate employer that's the facts of this that's the facts of this case as if I would agree except the language as in this section provided is crucial as in this section provided refers to as in 0.040 no so well that's your interpretation but but I don't but I think Auger is to the contrary and and Harmon doesn't doesn't begin to address that well if I may footnote let me pull up footnote nine of Auger or I'm sorry it was footnote six of Auger in the footnote six of Auger thus Norfolk is not liable to Mr. Auger in workers compensation as a remote employer under section 287.040.4 it was 0.4 at the time it's 0.3 now because Mr. Auger's immediate employer already compensated Mr. Auger for his injuries Auger agrees with my interpretation of what 287.040 now 0.3 states that provision is a provision determining who is liable in workers compensation it has nothing to do with 287.280.1 and Auger didn't purport to interpret 280.1 the only two decisions we have interpreting it are Lewis and then Harmon and there is no case out there suggesting Lewis is incorrect or limited or in there's no case suggesting Harmon is incorrect or is limited in fact in Harmon I looked for the history of Harmon to see was there even an application for transfer to the Missouri Supreme Court and no one even attempted to do so I was expecting at least to see application for transfer denied we can take that for whatever work that is but no one even sought transfer Mr. let me ask you this don't don't you rely on 287.040 to have the railroad deemed to be an employer well I think yes but I think it's okay and if so then isn't the railway liable as in this section provided I disagree with the second part I think the railroad initially is the one citing 287.040 to say we're an employer and then they're saying that we get exclusive remedy but the fact you are I think you are too as you just admitted if they're not deemed to be an employer they don't have to provide workers compensation insurance I would agree all right so then therefore aren't they liable as in this section provided they're not liable under 0.040 because ITS provided the insurance and that's what Harmon agrees to they're not liable for workers compensation that's what auger says too they're not liable for workers compensation but 280 has to be given its own meaning and 280 says if you are an employer you have to provide workers compensation insurance and if you do not you are subject to the remedies allowed by that section I thought the basic basic principle of statutory construction as you as you read read statutes in the context of each other and you and you harmonize harmonize or or so forth and you're saying oh no we can we can ignore our fault because because 2.8 280 is freestanding provision I mean point you're the one you rely on says nothing to this issue it's just your interpretation of it and you you think supported by Lewis I believe it's supported by Lewis Harmon and Auger and I think I agree with your principles of statutory construction each section of a statute has to be given its meaning .040 is limiting it says not liable as in this section provided and all the decisions say that means liability for workers compensation 280 states beyond that there may be liability for civilly if the employer does not provide insurance it's not just our interpretation it's all of these decisions and I believe all these decisions give meaning to each section and the defense interpretation leaves 280 with no meaning and no impact if I if there are no other questions I'd like to reserve what I have left for rebuttal thank you thank you Mr. Hamer yes that's correct thank you your honor I may have pleased the court my name is Sean Hamer I represent the Kinsey Southern Railway Company in this matter and I'd like to start out by commenting on what you observed Judge Loken and that is the issue of statutory construction that's what we're doing here and and as you observed you cannot construe a statute in isolation which is exactly what the appellant wants to happen here you have have to analyze it in context what the intent of the scheme is Mr. Hamer isn't the problem here that regardless of how I might read the statute we have to apply what the Missouri courts have said about the statute so unless we distinguish Lewis and Hamer we have to apply them and and I think you can distinguish Lewis and Harlan and one other issue of statutory construction as recognized in Missouri is that you cannot construe the statutes in a manner that would lead to an absurd or an illogical result here so we've got 287-280 we've got 287-0403 and and so if we're going to construe 287-280 in isolation we've got really big problems here and that is if we're just going to say an employer has to ensure then we are construing an employer to mean a railroad employer whose liability to its employees is governed by federal law I don't really think ultimately that's dispositive the issue here because under the plain language of the statutes as recognized by the cases that Harmon signs it's very clear under the cases that that come before come before Harmon that where there is a statutory employer situation like we've got here there is exclusivity of remedy particularly where as you observed that where there is a contractual agreement to satisfy and be financially responsible as the I bring that up because we're not just talking about lower court decision if you look at the Shaw decision that the Harmon case references the Shaw decision lays out the full history of statutory employer cases in Missouri by the Supreme Court not the lower courts by the Supreme Court the Shaw case discusses the in 1938 the Bunner versus Patty case there the Bunner court held that there is no disclosure of intent to outcast an employer because he avails himself of a condition contained in the subsection by requiring its subcontractors to carry insurance that couldn't be more direct that is exactly what we're talking about then fast forward to 1965 Anderson versus Starr that's a Supreme Court case Missouri Supreme Court it essentially just quotes the Bunner case and says again there the argument was that that the statutory employer is not entitled to the exclusivity of remedy rights because it had availed itself of the primary employer to obtain the insurance again it just quotes directly out of Bunner there's no disclosure of any legislative intent to outcast a remote employer because he avails himself of a condition contained in the subsection by requiring subcontractors to carry liability insurance again that is exactly what 287040.3 contemplates and that is fully in compliant with the statutory scheme it is meeting the intent and purpose of the scheme and that is to make sure that benefits are provided which they were here and and that the employers are being financially responsible to make sure that workers compensation insurance is a contract between the subcontractor and the general contractor and that is satisfying that that requirement then then we get fast forward another Supreme Court case which was cited by the auger disregarded by Harman but cited by the auger court and that is state extra msx versus dolan and one important thing to know about dolan dolan specifically says it doesn't require a liberal application of the act to determine that msx satisfies the elements of statutory employment there again citing all of these previous uh authorities having met the definition of statutory employer it's in the uh statutory employer is immune under 287120 that is what we have here that is why lewis is distinguishable we didn't as you correctly observed lewis did not involve the interpretation of 2870403 it wasn't an issue in that case of course it wasn't what about mr hammer what about the fact that the dissent cited 287040 and lewis um to argue that civil actions aren't permitted or the worker had already received workers comp and that didn't seem to persuade the majority so what are we to make with that well the the issue there is there is some authority um the argument is that you take yourself out of the workers compensation act entirely where you have secured the insurance or excuse me work where you have availed yourselves of the protection of 2870403 so in other words because you've done that there's no liability you don't even come within the scope of the act that really isn't the interpretation by the prior courts and so i think that's what was addressed there uh and what didn't persuade the authority and or the the majority in lewis and it really again wasn't the issue in lewis it's the reverse of what we got here and it really wasn't lewis wasn't even a statutory employer case so when you're talking about persuasive authority you need to look at the missouri supreme court's treatment of statutory employers and what the law is in missouri as it relates to the application of these statutes here we think judge phillips was completely correct in her statement that the purpose of the act are threefold one to prevent employers from uh circumventing the act by hiring irresponsible independent contractors three making sure that the primary employer is uh are uh immune from liability where the primary employer is covered all those elements were met there is no circumvention of the purpose of the act here it was completely complied with this is exactly the situation that existed in the auger case auger is completely on point to the extent that harman is referred to uh harman cites the shaw case and i would encourage you to look at the shaw case it lays all all of the prior case law that came before it and it's a 2012 case it came after lewis it came after the 2005 amendments that that make the workers compensation law to be strictly construed and uh it was cited by the harman case but disregarded by the harman case and so we believe that all of the supreme court authority uh leads you to the undeniable conclusion that statutory employer immunity exists here and that by contracting for the securement of insurance by its here kcs is fully complied with the law and is entitled to statutory immunity judge phillips decision was correct she did the correct analysis and she applied the correct authorities to reach the result of the question regarding the the applicability of 287.2 80 that statute says that every employer subject to the provisions of this chapter shall ensure their entire liability does that include employees that are subject to philip what i don't believe it does harm i i mean i i don't believe if you're if you're going to interpret it in isolation and and we are to interpret that in isolation the a construction of that statute would mean that uh a a railroad employer which is as defined by the act a railroad is defined as coming within the act would be then required not only to ensure its own employees but its uh subcontractor employees that cannot be the law that wasn't the first line of defense yeah i'm sorry i'm sorry your honor what was your question i was curious why that issue wasn't sort of the first line of defense as to why uh the statute didn't apply to you well we we did assert it as a defense and we did raise it as an argument that that that is in our brief that if we're going to construe that our issue with 287 280 is that you can't construe it in in isolation there certainly is 287 110 that discusses that uh the act applies to all cases except those that are governed by federal law when you construe those together i as it relates to those uh circumstances in which a case would otherwise be governed by federal law then there wouldn't be an obligation to ensure those cases and so i i think it is improper to construe that simply in isolation which is really what appellant is asking you to do i don't know if that answers your question um okay so i i think there's really uh no dispute here there's nothing before you that there's any question over whether kcs met the uh definition of statutory employer that is undisputed there's no dispute that kcs attempted to circumvent the act by not making sure that workers compensation existed it in fact contracted for that to be done it availed itself as the missouri supreme court authority uh recognizes it avails itself the protection of 287 to their 287 0403 by making sure that with protections for and therefore it has no liability under the act when you're as an assigned counsel does does does kc southern uh ensure its own employees under the workers comp no okay because of it because the fba uh and and as i indicated i i i pointed you to the missouri supreme court cases that came before auger came before lewis those cases are the persuasive authority again the missouri supreme court cases dealing with statutory employer we fit precisely within those cases kcs undeniably was an employer under the act uh under 287 120 therefore it was entitled to uh exclusive remedy protection under the app and really what we're talking about here it is not a request from you to make sure that financial responsibility uh was uh obtained here to make sure that somebody was covered it's asking you to create this limited exception by which mr blanton could pursue a civil remedy that that's that's really the only thing that's going to happen in this scenario if there is an insurance requirement that insurance is never going to be in a scenario where there's a contract contractual insurance uh by the primary employer the only reason to uh impose an insurance requirement under appellant's interpretation of the act is to cut off common law liability that's not the intent of the workers compensation act it's simply not so as a result all the authority i think the court's decision was correct kcs hasn't circumvented the act and um i that's all i've got for you i'm happy to answer any other questions you may have thank you thank you counsel let's see we have some rebuttal time yes thank you your honor so i'm going to read the rebuttal first on the fela if he's correct that federal law applies that means none of the workers compensation applies that's 287.110 this chapter shall apply to all cases within its provisions except those exclusively covered by any federal law so if he was corrected fela applied they cannot escape liability as a statutory employer all the workers compensation laws out the door they did not raise it as an affirmative defense it was not in their motion as judge phillips found it was briefly mentioned in the reply and not well developed there was no evidence that they controlled mr bland in the performance of his job in the contract with its specifically disclaims any attempt to reason that fela defense was not front front and center is that the railroad is not real interested in having its subcontractor employees be deemed fela employees exactly exactly so that's why i believe the fela defense should not be permitted they were trying to avoid fela liability so they can't raise it in the reply i heard nothing that explained what the language as in this section provided in .040.3 means if that language was not there then i think their argument be would be very meritorious but that language has to mean something and i would submit it means there they have no liability for workers compensation if a direct employer provides the insurance and finally none of the cases he cited have addressed 287.280.1 there are only two cases that have addressed it and address it in a way that favors our position thank you thank you counsel case has been well briefed and argued and argument is helpful again we like it better in open court maybe we can get back there before too long but in any event we appreciate that your your arguments that take the case under advisement